UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHANCE M. GROSJEAN,

                      Plaintiff,

             v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER

18-CV-435F
(consent)**

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              TIMOTHY HILLER, of Counsel
                              6000 North Bailey Avenue, Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202
                                    and
                              VERNON NORWOOD
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza – Room 3904
                              New York, New York 10278
                                    and
                              RICHARD W. PRUETT, and
                              LAURA RIDGELL BOLTZ
                              Special Assistant United States Attorneys, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              1961 Stout Street, Suite 4169
                              Denver, Colorado 80249

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On July 9, 2019, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 20). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 15, 2019 (Dkt. 15), and by Defendant on April 12, 2019 (Dkt. 18).

**BACKGROUND**

Plaintiff Chance M. Grosjean ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on April 16, 2014, for Social Security Child Disability Insurance ("disability benefits"). Plaintiff alleges he became disabled on April 19, 2011, based on anxiety and visual hallucinations. AR[2] at 171-79, 198. Plaintiff's applications initially were denied on July 14, 2014, AR at 90-96, and at Plaintiff's timely request, on September 7, 2016, a hearing was held in Buffalo, New York, before administrative law judge Bryce Baird ("the ALJ). AR at 35-77. Appearing and testifying at the hearing were Plaintiff, his attorney, Jeanne Murray, Esq. ("Murray"), and vocational expert ("VE") Michele Erbacher.

On April 4, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 12-34 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council. AR at 170. On February 14, 2018, the Appeals Council issued a decision denying Plaintiff's request for

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on September 26, 2018 (Dkt. 8).

review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On April 13, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On February 15, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 15) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15-1) ("Plaintiff's Memorandum"). On April 12, 2019, Defendant moved for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Defendant's Motion for Judgment on the Pleadings Pursuant to Local Standing Order on Social Security Cases (Dkt. 18-1) ("Defendant's Memorandum"). Filed on May 3, 2019, was Plaintiff's Reply Brief (Dkt. 19) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Chance M. Grosjean ("Plaintiff" or "Grosjean"), born March 16, 1996, was 15 years old as of April 19, 2011, his alleged disability onset date ("DOD"), and 21 years old as of April 4, 2017, the date of the ALJ's decision. AR at 16, 18. Plaintiff lived with his mother in an apartment, socialized with friends with whom he played sports twice a week, attended school and church, and had a driver's license. AR at 214, 758. Plaintiff is a high school graduate and has attended college, including for three semesters away from home, but transferred to a local college after developing cyclical vomiting

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

syndrome for which, despite diagnostic testing, no physical cause has been found. AR at 46, 455. It is undisputed Plaintiff suffers from an anxiety disorder, and has no history of substantial gainful activity. AR at 17-18. Plaintiff attributes his anxiety disorder to the August 2011 death of his father with whom he was very close. AR at 485.

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory

evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). Because in the instant case, Plaintiff seeks child disability benefits, Plaintiff must establish disability prior to age 22. 20 C.F.R. § 404.350. The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 19, 2011, his alleged disability onset date, AR at 17, Plaintiff suffers from the severe impairments of generalized anxiety disorder, unspecified depressive disorder, and unspecified psychotic disorder, *id.*, but that other conditions noted in

Plaintiff's medical history, including substance abuse (marijuana), and cyclical vomiting syndrome are not medically determinable and, thus, and, as such, are not severe impairments. AR at 17-18. The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 18-19, and that Plaintiff retains the RFC to perform the full range of light work, with limitations including inability to crawl, climb ladders, ropes, and scaffolds, can frequently stoop, occasionally kneel and crouch, no exposure to unprotected heights, moving machinery, or other such hazards, can perform simple, routine tasks that can be learned with a short demonstration or within 30 days, and with no production rate, pace work, or team work, such as on a production line, no more than superficial interaction with the public and occasional interaction with coworkers. AR at 20-27. The ALJ further found that although Plaintiff has no PRW and, thus, no transferable skills, Plaintiff, based on his age, education, and RFC could perform jobs existing in significant numbers in the national economy, including as a cleaner – housekeeping, marker, and routing clerk, AR at 27-28, such that Plaintiff is not disabled as defined under the Act. *Id.* at 28.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues the ALJ's determination of Plaintiff's RFC at the fourth step is not supported by substantial evidence in the record because the ALJ erred by giving substantial weight to the opinion of M. Totin, Psy.D. ("Dr. Totin"), a non-examining state review psychologist, but did not incorporate all of Dr. Totin's opined findings as to Plaintiff's limitations in assessing Plaintiff's RFC with regard to Plaintiff's psychological impairments, such that the ALJ's RFC determination is not supported by

7

substantial evidence.  Plaintiff's Memorandum at 9-12.  Defendant argues that Plaintiff's argument is predicated on the Mental Residual Functional Capacity Assessment ("MRFCA") worksheet accompanying Dr. Totin's assessment rather than on Dr. Totin's actual opinion and, in any event, the ALJ's decision is supported by substantial evidence in the record.  Defendant's Memorandum at 12-18.  In reply, Plaintiff maintains Defendant relies on a *post hoc* rationalization to support the ALJ's determination that Dr. Totin's report was not an opinion of Plaintiff's RFC.  Plaintiff's Reply at 1-2.  There is no merit to Plaintiff's argument.

The MRFCA to which Plaintiff refers was completed by Dr. Totin on July 14, 2014, reporting Plaintiff's psychological diagnosis as (1) schizophrenic, paranoid, and other psychotic disorders, and (2) anxiety-related disorder.  AR at 78-88.  The MRFCA includes a questionnaire portion regarding numerous mental functions as well as a residual mental functioning capacity assessment provided in narrative format.  According to Program Operations Manual System ("POMS")[5] DI 24510.060, it is the "**actual mental RFC assessment** . . ." recorded "**in narrative format**" that is to be considered, rather than the answers recorded in the check-list type questionnaire portion.  POMS DI 24510.060B.4 (emphasis in original).  *See Torres v. Commissioner of Social Security*, 2019 WL 2117651, at * 3 (W.D.N.Y. May 15, 2019) (holding claimant's reliance on consultative examining psychologist's answers in questionnaire portion of MRFCA was erroneous as such portion of the MRFCA was never intended by

---

[5] Although not binding on the Commissioner, *Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999), as the POMS guidelines represent the Commissioner's interpretation of relevant statutes, they are afforded substantial deference and will not be disturbed provided they are reasonable and consistent with the statutes.  *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998) (citing *Connecticut Hosp. Ass'n v. Weicker*, 46 F.3d 211, 219 (2d Cir. 1995)).

the Commissioner as the actual RFC assessment).  Significantly, the portions of the MRFCA that Plaintiff maintains the ALJ overlooked are found in the check-list questionnaire portion of the MRFCA.  In particular, in the questionnaire portion, Dr. Totin reported Plaintiff has moderate limitations with regard to the ability to understand, remember, and carry our detailed instructions, complete a normal workday and workweek without interruptions from symptoms, accept instructions and appropriately respond to criticism from supervisors, appropriately respond to changes in the work setting, setting realistic goals, and making plans independently of others.  AR at 85-86.  Dr. Totin further found Plaintiff was not significantly limited in his ability to remember locations and work-like procedures, understand, remember, and carry out very short and simple instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or in proximity to others without being distracted by them, make simple work-related decision, appropriately interact with the general public, ask simple questions or request assistance, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, be aware of normal hazards and take precautions, and travel in unfamiliar places and use public transportation. AR at 85-86.  In the narrative portion of the MRFCA, however, Dr. Totin, citing the July 1, 2014 consultative examination performed by Janine Ippolito, Psy.D. ("Dr. Ippolito") wrote that Plaintiff could appropriately deal with stress with moderate limitations attributed to his current emotional distress.  AR at 83.  Dr. Totin stated the results of her

evaluation were consistent with Plaintiff's psychiatric problems which were not "significant enough to interfere with the claimant's ability to function on a daily basis." *Id*. According to Dr. Totin, "the totality of the evidence indicates that the claimant has a mild to moderate psychiatric impairment that does not meet or equal any of the adult listings." *Id*. Dr. Totin concluded that Plaintiff "retains the capacity to perform simple job tasks, he is able to appropriately deal with stress with moderate limitations due to his current emotional distress." *Id*. The ALJ's determination of Plaintiff's RFC as permitting Plaintiff to "perform simple, routine tasks that can be learned with a short demonstration or within 30 days with no production rate, pace work, or team work such as on a production line . . . no more than superficial interaction with the public; and . . . occasional interaction with coworkers," AR at 20, thus is more restrictive than the portion of Dr. Totin's residual mental functional capacity as expressed in narrative form. Accordingly, the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence in the record. *See Torres*, 2019 WL 2117651, at * 3-4 (upholding the ALJ's RFC determination that was consistent with the narrative portion of the MRFCA).

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 15) is DENIED; Defendant's Motion (Dkt. 18) is GRANTED. The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 9, 2019
Buffalo, New York